UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| LLOYD GEORGE MORGAN, JR. | : | |
| *plaintiff*, | : | PRISONER |
| | : | |
| v. | : | CASE NO. 3:05CV1659 (MRK)(WIG) |
| | : | |
| THERESA C. LANTZ, et al., | : | |
| *defendants*. | : | |

**RULING AND ORDER**

Plaintiff Lloyd Morgan, Jr. has filed three motions seeking various court orders. *See* [docs. ##8, 11, 12]. In his motions, Mr. Morgan states that he was transferred to another correctional facility in retaliation for filing grievances and lawsuits, he renews his request for appointment of *pro bono* counsel, and he contends that he has been denied copies and envelopes.

**I.     Motion for Court Consideration and Remedy**

In his first motion [doc. #8], Mr. Morgan states that the Warden at Cheshire Correctional Institution threatened to transfer him to another correctional facility if he continued to file grievances and lawsuits.  He also states that, upon realizing that Mr. Morgan had requested copies of a complaint that named correctional staff at Cheshire Correctional Institution as defendants, Correctional Officer Martinez stopped making copies of the complaint.  Mr. Morgan says that he needs the copies to comply with the Court's order that he provide sufficient copies to enable the U.S. Marshal to effect service of his complaint.  Finally, Mr. Morgan states that he has not been provided a sufficient number of free envelopes to litigate this and other of his cases.  He asks the Court to order the U.S. Attorney or the Connecticut Attorney General to investigate the threats of a retaliatory transfer and to consider his pending motion for appointment of counsel.

### A. Request for Court to Order an Investigation

Mr. Morgan asks the Court to order the investigation of his retaliation claims. Courts impartially decide disputes between parties; courts do not conduct investigations at either party's request. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty . . . to perform any legal 'chores' for the defendant that counsel would normally carry out."); *see also Collins v. Experian Credit Reporting Service*. No. 3:04cv1905(MRK), 2004 WL 3078825, at *2 (D. Conn. Dec. 22, 2004) ("If the Court were to conduct the requested investigation to find information to support possible claims that Plaintiffs could assert, the Court would be acting as Plaintiffs' advocate and not as an impartial adjudicator.").

In addition, neither the U.S. Attorney nor the Connecticut Attorney General is a defendant in this action. Thus, this Court does not have the authority to order them to undertake the actions Mr. Morgan requests. *See Doctor's Assocs., Inc. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999) (holding that the court must have in personam jurisdiction over a person before it can validly order or enjoin his actions); 11A Charles A. Wright et al., *Federal Practice and Procedure* § 2956, at 335 (2d ed. 1995) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). Therefore, the Court denies Mr. Morgan's request to order the U.S. Attorney or the Connecticut Attorney General to investigate his allegations. *See Collins*, 2004 WL 3078825, at *2 (denying plaintiff's request that the court conduct an independent investigation).

### B. Request for Appointment of Counsel

On October 25, 2005, Mr. Morgan moved for the appointment of counsel. Motion for Appointment of Counsel [doc. #4]. Because Mr. Morgan did not indicate whether he had

unsuccessfully sought legal assistance in the case, and because it was not possible to determine whether Mr. Morgan's claims had merit since Defendants had not yet been served and had not had the opportunity to respond, U.S. Magistrate Judge Holly Fitzsimmons denied Mr. Morgan's request. Ruling and Order [doc. #6]. Mr. Morgan renewed his request for appointed counsel on December 22, 2005. Motion [doc. #9]. Because Defendants had still not been served, however, the Court again denied Mr. Morgan's motion. Ruling and Order [doc. #10]. At present, Defendants have still not appeared or responded to Mr. Morgan's allegations. As a result, the Court again denies as premature Mr. Morgan's request for appointed counsel. Mr. Morgan may renew his request once Defendants have responded to his complaint, a topic that the Court discusses below.

### C. Request for Copies and Envelopes

To the extent that this motion may be construed as a request for assistance in obtaining service copies or envelopes, the Court's intervention is not needed. Mr. Morgan has submitted all required copies of his complaint, and service packets were sent to the U.S. Marshal Service on January 31, 2006. In addition, Mr. Morgan has attached to this motion copies of twenty-three letters he sent between June and November 2005. Many of the letters indicate that copies were sent to several individuals. To send these letters and the copies, Mr. Morgan would have used eighty-four envelopes. Thus, the Court does not believe that Mr. Morgan has been denied access to copies or envelopes. Accordingly, the Court denies this motion without prejudice to renewal, if necessary.

### II. Motion Seeking the Honorable Court to Strike a Balance and Ora of Fairness in This Case and Motion of Objection of This Court's Ruling Dated January 10, 2006 Document 10 and Motion to Show Cause

### A. Request for a Transfer

In his second motion [doc. #11], Mr. Morgan states that on January 20, 2006, he was

transferred to Bridgeport Correctional Center.  He asks the Court to order that he be returned to Cheshire Correctional Institution.  Court records and the Department of Correction website show that Mr. Morgan has been returned to Cheshire Correctional Institution.  *See* www.ctinmateinfo.state.ct.us.  Accordingly, Mr. Morgan's request is denied as moot.

      B.      **Preliminary Injunction Requesting Legal Assistance**

Mr. Morgan also states that Inmates' Legal Assistance Program will not assist him with any of his pending cases because he filed grievances against the Program's attorneys, and that the Commissioner of Correction will not engage another law firm to provide him legal assistance.  He asks the Court to order the Department of Correction to contract with another law firm to provide him legal assistance. In count two of his complaint [doc. #1],[1] Mr. Morgan states that after he filed grievances against several attorneys, the Inmates' Legal Assistance Program will no longer provide him legal assistance.  He claims that Defendants are denying him access to the courts because the Department of Correction will not contract with substitute counsel to provide him legal assistance.

The Court construes Mr. Morgan's motion as a request for a preliminary injunction.  The Second Circuit has made it clear that when, as here, a plaintiff seeks a mandatory injunction that will alter, rather than maintain, the status quo "by commanding some positive act," an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003) (internal quotation marks omitted).  "The 'clear' or 'substantial' showing requirement . . . alters the traditional formula by requiring that the movant

---

[1] Mr. Morgan's complaint contains three counts:  (1) interference with and mishandling of his legal and social mail, (2) denial of access to the courts by failing to provide substitute counsel, and (3) threats of retaliation and assault by Defendant Veno.  Complaint [doc. #1].

demonstrate a greater likelihood of success." *Id.* (internal quotation marks omitted). In addition, as in all cases involving a request for a preliminary injunction, the movant must demonstrate that he will suffer irreparable harm if the injunction is denied. *See id.* at 181.

At this time, Mr. Morgan has not made the required clear showing that he is entitled to the requested relief; nor has he demonstrated that he will suffer irreparable harm if the relief is not granted. Appointment of counsel is one means by which a state may satisfy a prisoner's right of access to the courts, but it is not the only means. *See Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) ("[T]he assistance of an attorney . . . is a permissible and sufficient means of satisfying the right of access to the courts, but it is not a necessary or exclusive means of doing so . . . ."). For instance, "one constitutionally acceptable method to assure meaningful access to the courts" is the provision of law library facilities. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Mr. Morgan claims that he does not have access to an adequate law library, yet throughout his motions he cites cases and statutes, at times quoting them. Even if Mr. Morgan's unsubstantiated claim that the Inmates' Legal Assistance Program refuses to help him were true, he has not made any showing that he has been denied a meaningful ability to litigate his grievances, or that he is in danger of suffering any irreparable harm in those cases. To the contrary, based on the flurry of filings from Mr. Morgan, it appears his access to the courts remains fully intact. Accordingly, the Court denies without prejudice Mr. Morgan's request for an order that the State hire substitute legal counsel for him. He may renew his request by filing a motion for preliminary injunction, along with accompanying affidavits and evidence, that make the showings required by governing Second Circuit precedent.

    **C.**    **Objection to Ruling on Removing Judge Garfinkel**

Finally, Mr. Morgan objects to the Court's ruling denying his motion to have U.S. Magistrate

Judge Garfinkel removed from this case. *See* Ruling and Order [doc. #10]. Mr. Morgan provides no objective evidence to support his objection. He merely expresses complaints against Judge Droney, who is not associated with this case, and his unfounded belief that Judge Garfinkel has a vendetta against him. Construing Mr. Morgan's objection as a motion for reconsideration of the Court's Ruling and Order [doc. # 10], the Court denies the motion.

**III.    Motion for Court Consideration and Motion for Injunction and Motion for Court Review**

In his third motion [doc. #12], Mr. Morgan again states that he was transferred from Cheshire Correctional Institution to Bridgeport Correctional Center in retaliation for filing grievances and lawsuits. He asks the Court to order his return to Cheshire Correctional Institution. As Mr. Morgan has been returned to Cheshire Correctional Institution, his motion is denied as moot.

**IV.    Service and Appearance of Defendants**

From the record, it appears that service has been made on all twenty-seven Defendants in their official capacities. *See* [docs. ## 15 & 16]. Moreover, waivers of service were returned executed for thirteen of the twenty-seven in their unofficial capacities – Armstrong, Casey, Delgado, Jones, Lantz, Martin, Murphy, Philbrick, Quiros, Regan, Schulman, Starkowski, and Whidden. *See* [docs. ## 13, 14, & 19]. Waiver requests were returned unexecuted as to two other defendants – Myers and Matos. *See* [docs. ##17 & 18]. Finally, there is no evidence in the record that service was made as to twelve others in their unofficial capacities – Cahill, Coates, Deslauriers, Dicesare, Esposito, Lajoie, Lowe, Olgesby, Soto, Strange, Tokarz, and Veno. No Defendant has yet appeared or answered the complaint.

Rule 12(a)(1) of the *Federal Rules of Civil Procedure* provides that a party has 20 days to answer or respond to a complaint after being served, or 60 days to answer if service has been timely

waived. Based on the record, it appears that the deadlines for answering the complaint have passed for all Defendants who have been served or who have waived service. If Defendants continue to fail to answer the complaint, the Court will entertain a motion from Mr. Morgan for an entry of default under Rule 55.

## V.     Conclusion

For the foregoing reasons: **(1)** Mr. Morgan's Motion for Court Consideration and Remedy; Motion Seeking the Honorable Court to Strike a Balance and Ora of Fairness in This Case and Motion of Objection of This Court's Ruling Dated January 10, 2006 Document 10 and Motion to Show Cause; and Motion for Court Consideration and Motion for Injunction and Motion for Court Review [docs**.** #8, 11, & 12] are DENIED. **(2)** Mr. Morgan may renew his request for appointed counsel once Defendants have responded to his complaint. **(3)** Mr. Morgan may file a motion for a preliminary injunction requesting that the State contract for substitute legal counsel, but if he does so he must show that his right to court access depends on the substitute counsel and that he is likely to suffer irreparable harm without the injunction. **(4)** If Defendants do not appear and answer the complaint by **June 7, 2006**, Mr. Morgan can serve and file a motion for default under Rule 55. **The Clerk is directed to send a copy of this opinion to Henri Alexandre in the Attorney General's Office.**

                                             IT IS SO ORDERED,

                        /s/ _____Mark R. Kravitz_____
                            United States District Judge

**Dated at New Haven, Connecticut: May 24, 2006**.