UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.

          PRISONER

     v.                    CASE NO. 3:05CV1659 (MRK)(WIG)

THERESA C. LANTZ, et al.

RULING AND ORDER

The plaintiff has filed five motions seeking appointment of counsel, a settlement

conference and personal service on several defendants.  For the reasons that follow, plaintiff's

motions are denied.

I.      Motion for Settlement Conference [Doc. #26]

Plaintiff asks the court to schedule a settlement conference to discuss settling two federal

cases and one federal appeal.  The court has contacted counsel for the majority of the defendants.

In light of the fact that all defendants in this case have moved to dismiss, counsel did not feel that

settlement discussions would be productive at this time.  Accordingly, plaintiff's motion is

denied without prejudice.  Plaintiff may refile his motion should any of his claims survive the

motions to dismiss.

II.     Motion Seeking to Perfect Services, Motion for Court Remedy [Doc. #31]

Plaintiff asks the court to order the U.S. Marshal to effect in-hand service on defendants

Coates, Schulman, Cahill, Dicesare, Lajoie, Olgesby, Veno, Esposito, DesLaurier, M. Soto,

Strange and Lowe.  A review of the docket reveals that all defendants have appeared and,

although all defendants have moved to dismiss, no defendant challenged the sufficiency of service. Because none of these defendants challenges the sufficiency of service, plaintiff's motion is denied.

III. <u>Motion for Court Review and Motion Putting This Court on Notice He Plaintiff Case Has Recieved Actual Injury and Motion for Acknowledgment and Motion for Remedy and Consideration [Doc. #21] and Motion Seeking This Court Grant Plaintiff Adequate and Meaningful Access and Effective Access to This Court, Motion Seeking This Court Rectify the Credibility Problem Plaintiff Have with This Court and Defendants and Motion for Court Consideration and Remedy [Doc. #29]</u>

The primary purpose of both of these motions is a renewed request for appointment of counsel or provision of a person trained in the law. In the ruling denying plaintiff's first motion for appointment of counsel the court informed plaintiff that, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991). The Second Circuit cautions the district courts against the "routine appointment of counsel" and reiterates the importance of requiring an indigent to "pass the test of likely merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 173-74 (2d Cir. 1989). "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." <u>Id.</u> at 171. Defendants have filed motions to dismiss and the court is waiting for plaintiff's responses. Until those motions are decided, the court cannot determine whether any of plaintiff's claims pass the test of likely merit. Accordingly, plaintiff's requests for appointment of an attorney or person trained in the law are denied without prejudice.

The court will not construe these motions as motions for preliminary injunctive relief. In its May 24, 2006 ruling the court construed a similar request for legal assistance as a motion for preliminary injunctive relief in the form or an order requiring the Commissioner of Correction to

provide alternative legal assistance for plaintiff.  The court denied the request and informed

plaintiff that he could "renew his request by filing a motion for preliminary injunction, along

with accompanying affidavits and evidence, that make the showings required by governing

Second Circuit precedent."  (Doc. #22, at 5.)  Because plaintiff has not complied with this

direction in either motion, the court will not construe these motions as seeking preliminary

injunctive relief.

In the first motion, plaintiff also states that he is notifying the court that events which

occurred after he commenced this action constitute an actual injury to support his claims of

denial of access to the courts.  No action of the court is required in response to this purported

notice.

Also in the first motion, plaintiff inquires whether two motions he mailed to the court in

another case were received.  The court does not respond to this inquiry as it is unrelated to this

case.  Plaintiff may inquire about the status of his other cases by telephoning or writing a letter to

the Clerk's Office.  Finally, plaintiff asks what motions are pending in this case.  After this

ruling, the only motions pending in this case through August 7, 2006, are the two motions to

dismiss.

IV.    <u>Motion for Court Review and Consideration and Remedy [Doc. #33]</u>

Finally, plaintiff seeks an extension of time of ninety days to have a law firm or person

trained in the law respond to the motions to dismiss and to enable the court to rule on his several

pending motions.  The court has ruled on all motions filed by plaintiff through August 7, 2006.

In addition, as the court has denied the plaintiff's request for appointment of counsel or a person

trained in the law, the motion is denied.  Plaintiff shall file his response to both motions to

dismiss on or before September 28, 2006.

V.     Conclusion

Plaintiff's Motion for Settlement Conference [**doc. #26**] is **DENIED** without prejudice to refiling after the court rules on the pending motions to dismiss.  His Motion Seeking to Perfect Services, Motion for Court Remedy [**doc. #31**] is **DENIED**.

Plaintiff's Motion for Court Review and Motion Putting This Court on Notice He Plaintiff Case Has Received Actual Injury and Motion for Acknowledgment and Motion for Remedy and Consideration [**doc. #21**] and Motion Seeking This Court Grant Plaintiff Adequate and Meaningful Access and Effective Access to This Court, Motion Seeking This Court Rectify the Credibility Problem Plaintiff Have with This Court and Defendants and Motion for Court Consideration and Remedy [**doc. #29**] are **DENIED**.

Plaintiff's Motion for Court Review and Consideration and Remedy [**doc. #33**] is **DENIED**.  Plaintiff shall file his response to both motions to dismiss on or before **September 28, 2006**.

**SO ORDERED** this    21st    day of August, 2006, at Bridgeport, Connecticut.

   /s/ *William I. Garfinkel*   
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE