# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| LLOYD GEORGE MORGAN, JR. | : | |
| *plaintiff*, | : | PRISONER |
| | : | |
| v. | : | CASE NO. 3:05CV1659 (MRK)(WIG) |
| | : | |
| THERESA C. LANTZ, et al., | : | |
| *defendants*. | : | |

## RULING AND ORDER

Pending before the Court is Defendants' Motion to Dismiss [doc. # 77] Plaintiff's Amended

Complaint [doc. # 73]. For the reasons stated below, Defendants' motion is granted in part and

denied in part.

## I.

Mr. Morgan is suing a variety of officials with the Connecticut Department of Correction

("DOC") under 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights.

He makes three claims: that he was denied meaningful access to the courts, that Defendants

interfered with his legal mail, and that Defendants retaliated against him for engaging in

constitutionally protected activity. *See* Am. Compl. [doc. # 73]. The Court will briefly describe the

factual background of each of these claims in turn.

In 2001, Mr. Morgan filed a suit in the District of Connecticut. *See Morgan v. Rowland*, No.

3:01-cv-1107(CFD). He filed several motions for appointment of counsel, and in mid-April 2005,

Mr. Morgan informed the Court of his dissatisfaction with the legal assistance he had been receiving

from Inmates' Legal Assistance Program ("ILAP"). *See* Am. Compl. [doc. # 73], at 6-7. Eventually,

Mr. Morgan filed a grievance against ILAP, and as a result, ILAP refused to provide any further

assistance to Mr. Morgan in his suit against Governor Rowland or in the instant suit. *See id.* at 7. Mr. Morgan then allegedly asked several of the Defendants to provide him with alternative legal assistance, but they refused. He also claims that he had inadequate access to law libraries at the time, with the result being that his suit against Governor Rowland was dismissed on summary judgment. *Id.* at 7-8.

Mr. Morgan also alleges that throughout 2004 and 2005, despite DOC regulations that require all prisoners' legal and privileged mail be kept sealed or opened in the prisoner's presence, the staff at the Cheshire Correctional Institution had a practice of opening Mr. Morgan's legal mail out of his presence. *Id.* at 9. Mr. Morgan names several of the Defendants as being involved in this practice, and also cites several specific instances when his mail was allegedly opened outside of his presence. *Id.* at 9-11.

Finally, Mr. Morgan claims that he was transferred or punished for "chronic discipline" problems in retaliation for his filing multiple grievances and lawsuits against DOC personnel. *Id.* at 11. Mr. Morgan alleges that several of the Defendants were angry with him for "not following the chain of command" in making his grievances, *id.*, and he also provides specific examples of complaints filed and the alleged retaliation that resulted. He also claims that the Defendants in supervisory positions were aware of the retaliation against Mr. Morgan but failed to deter it. *Id.* at 13.

## II.

*Federal Rule of Civil Procedure* 8(a) requires only that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering a motion to dismiss under *Federal Rule of Civil Procedure* 12(b), the Court "must accept as true all allegations

in the complaint and draw all reasonable inferences in favor of the non-moving party." *Gorman v. The Consol. Edison Corp.*, ___ F.3d ___, 2007 WL 1545992, at *3 (2d Cir. 2007) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)).  Further, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and alteration omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

The Supreme Court recently sought to clarify the pleading requirements a complaint must meet in order to avoid dismissal in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955.  There, the Supreme Court explicitly repudiated an oft-quoted description of the standard for motions to dismiss, namely the language in *Conley v. Gibson*, 355 U.S. at 45-46, explaining "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Bell Atlantic*, 127 S. Ct. at 1969. According to the Supreme Court in *Bell Atlantic*, that "phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*

The Second Circuit examined *Bell Atlantic* in a recent decision in which the circuit noted that *Bell Atlantic*'s "conflicting signals create some uncertainty as to the intended scope of the [Supreme] Court's decision." *Iqbal v. Hasty*, ___ F.3d ___, 2007 WL 1717803, at *11 (2d Cir. 2007). Nevertheless, the Second Circuit concluded that "[a]fter careful consideration of the [Supreme] Court's opinion and the conflicting signals from it that we have identified, we believe that the Court

is not requiring a universal standard of heightened fact pleading." *Id.* at *12. Instead, *Bell Atlantic* requires a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Id.* Thus, to survive a motion to dismiss under "the plausibility standard of *Bell Atlantic*, a conclusory allegation concerning some elements of a plaintiff's claim might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement." *Id.* Even when a complaint survives a motion to dismiss, courts should be mindful of the need to fashion discovery and motion deadlines to account for the requirements of the case and the defenses asserted. *See id.* (Courts *"must* exercise [their] discretion in a way that protects the substance of the qualified immunity defense . . . so that officials or former officials are not subjected to unnecessary and burdensome discovery or trial proceedings.") (internal quotation marks omitted).

### III.

As Defendants note, state officials may not be sued in their official capacity for money damages. *See Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) ("Accordingly, suits against states and their officials seeking damages for past injuries are firmly foreclosed by the Eleventh Amendment."). Thus, any claim for money damages Mr. Morgan brought against Defendants in their official capacities is hereby dismissed. However, Mr. Morgan also seeks "[i]njunctive [r]elief deterring Defendants of participating in further violations of plaintiff['s] rights." Am. Compl. [doc. # 73], at 17. Such suits are permissible where, as here, there is an allegation of an ongoing violation of the plaintiff's rights and the injunction does not attempt a "partial end run around the Eleventh Amendment's bar on retrospective awards of monetary relief." *Ward*, 207 F.3d at 120 (internal quotation marks omitted) (quoting *Green v. Mansour*, 474 U.S. 64, 73 (1985)).

Turning to the substance of Mr. Morgan's three claims, the Court concludes that he has met the "plausibility standard" for each. In making his allegations, Mr. Morgan clearly identifies the Defendants he believes were involved in the alleged denial of his constitutional rights, and he also sets forth several specific instances of allegedly illegal conduct. *Cf. Iqbal*, 2007 WL 1717803, at *19 (approving of a complaint that "informs all of the Defendants of the time frame and place of the alleged violations"). Taking all of Mr. Morgan's claims as true, as the Court must at this stage of litigation, Mr. Morgan has also made sufficient allegations of personal involvement and knowing violations of established rights by all Defendants.

That said, of course, the Court makes no conclusions at this time about the strength of Mr. Morgan's claims; for example, the Court would note that the legal standard for proving denial of access, as recently described in the Court's Ruling and Order of June 26, 2007 in *Page v. Lantz*, 05cv1271(MRK) [doc. # 47], is quite high, and it is not at all clear that Mr. Morgan will be able to surmount it. Inability to litigate successfully, once a complaint has been filed, is not necessarily sufficient. *Id.* at 8-9. However, the Court concludes that it is most appropriate to address those issues in the context of a motion for summary judgment, as in *Page*, or at trial.

## IV.

In sum, Mr. Morgan has pled his claims with sufficient particularity to survive a motion to dismiss. They may not or may not survive a motion for summary judgment, however, once all of the facts are developed. Therefore, the Court directs the parties to confer regarding an appropriate schedule for promptly bringing this case to a conclusion. For these reasons, the Court hereby GRANTS IN PART Defendants' Motion to Dismiss [doc. # 77] as to claims for monetary damages

against Defendants in their official capacities and DENIES IN PART as to all other claims.  The parties should submit a joint proposed schedule to the Court **no later than July 24, 2007.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: July 10, 2007.**